(Decided Dec'r 7th, 1863.)

CYRUS GAULT *vs.* W. J. HUMES.

ACCIDENT, INJURY RESULTING FROM WHEN NOT ACTIONABLE:—Where an accident happens entirely from a superior agency, and without default on the part of the defendant, or blame imputable to him, an action for injury resulting from such accident is not maintainable, and the defence may be given in evidence under the general issue.

APPEAL from the Court of Common Pleas of Baltimore City :

This was an action brought by the appellee against the appellant, to recover damages for injury sustained by him, from certain alleged wrongful acts of the defendant, set forth in the declaration, which is recited in the opinion of this Court. The defendant pleaded 1st, *"not guilty,"* and 2nd, "that the said wall at the time of the institution of this suit, was and still is the property of the defendants." Upon these pleas the plaintiff joined issue. At the trial the second plea was virtually abandoned. The evidence so far as is necessary to illustrate the point decided, is stated in the opinion of this Court. During the progress of the trial a

number of prayers were offered by the defendant asserting two principal propositions, as also stated in the opinion of this Court, all of which said prayers the Court below (MARSHALL, J.) refused to grant, but in lieu thereof, gave the jury the following instruction.

"If the jury believe from the evidence in the cause, that the plaintiff was the owner of the house spoken of as having been injured at the time that the said injury is stated in the evidence to have been sustained, and if they shall further find said injury was sustained as aforesaid, and shall find that said injury was caused by the insufficient cleansing or otherwise arranging the water spouts of the adjoining house, or the insufficient filling up or grading of the adjoining lot or the failing to clear the same of rubbish and dirt, and if they shall further find that the said insufficient cleansing or arranging the said water spouts, or filling up, grading or clearing the said adjoining lot were the results of the negligence and want of reasonable and proper care on the part of the defendant or his agents, then the plaintiff is entitled to recover the damages suffered by him as owner aforesaid, from the aforesaid injury; unless the jury should also find from the evidence, that the plaintiff had not used reasonable and proper care to guard his said house from such injury, and that the injury and damage as aforesaid, was the result, as well of the negligence and want of proper care on the part of the plaintiff, as of the defendant or his agents."

To the refusal of the Court to grant the said prayers offered by him, and to the granting the instruction given by the Court, the defendant excepted, and the verdict of the jury and judgment being against him, appealed.

The cause was argued before BOWIE, C. J., and BARTOL and GOLDSBOROUGH, J.

*John H. Ing* and *E. Duffy*, for the appellant :

1st. "Each party has the right to call on the Court for

instructions based on his view of the case, if the evidence relied on is legally sufficient to warrant the conclusion sought to be deduced from it." *Wells & Miller vs. Turner,* 16 *Md. Rep.,* 142, and the example there given. *Owings vs. Jones,* 9 *Md Rep.,* 108. *Tyson vs. Rickard,* 3 *H. & J.,* 109. *Gray vs. Crook,* 12 *G. & J.,* 236. *Inloes' Garn. vs. Am. Ex. Bank,* 11 *Md. Rep.,* 185.

Again, if the defendant's negligence was the *remote* cause of the injury, yet if the *immediate* cause was the act of God, or if the injury was occasioned by a combination of the two, the defendant was not liable. "The general rule is, that a man is not answerable for those consequences which arise from a conjunction of his fault with other circumstances that are of an extraordinary nature." *Morrison vs. Davis & Co.,* 20 *Penn. St. Rep.,* 175. *Irwin vs. Sprigg,* 6 *Gill,* 205. *Blyth vs. Birmingham Water Co.,* 36 *Eng. L. & Eq. Rep.,* 506. *Bridge vs. Grand Junct. R. R. Co.,* 3 *M. & W.,* 248. *Butterfield vs. Forrester,* 11 *East,* 60. *Thruston vs. Hancock, et al.,* 12 *Mass.,* 227.

2. Reasonable care, if not a question of law for the Court, is at any rate a mixed question of law and fact, and the defendant had the right to have the jury told what was or was not reasonable care. The defendant's third, sixth, eleventh, twelfth, thirteenth, fourteenth and fifteenth prayers, which were offered for that purpose, should therefore have been granted. 1 *Greenlf's Ev.,* 67, (note 1 to sec. 49.) *Penn., Del. & Md. Steam Nav. Co. vs. Hungerford,* 6 *G. & J.,* 297. *Hess vs. Newcomer,* 7 *Md. Rep.,* 341, 342.

3. There were two lots adjoining the plaintiff's, from either of which, under the evidence, the jury may have believed the cause of the injury proceeded, viz: that of the defendant on the west of the plaintiff's property, and that on the rear and east of the plaintiff's property, which did not belong to Gault. Now the instruction granted by the Court does not specify which adjoining lot was intended. If, therefore, the jury believed that the injury was caused by the insufficient filling up, grading, &c., of the adjoining lot on the

rear, and that such insufficient filling up, &c., was the result of defendant's negligence, and there was no negligence in the plaintiff, then under the instruction granted, the jury were bound to find against the defendant. The instruction therefore was wrong:

*First.* Because that lot was not the property of the defendant nor in his possession, nor was there any evidence connecting him with that lot or showing that it was his duty to have it filled up, &c.; and there being no such evidence, there was no evidence that such insufficient filling up, &c., was the result of his negligence. The instruction, therefore, which left such negligence to be found by the jury, submitted to them a matter of which there was a total absence of testimony, and was therefore erroneous. *Pierce vs. Negro John,* 6 *Md. Rep.,* 28. *Preston vs. Leighton,* 6 *Md. Rep.,* 88.

*Second.* The mere facts of damage to a plaintiff, negligence of the defendant and no negligence of the plaintiff, in a case of this kind, do not constitute a good cause of action, and those are all the facts left to the jury by the instruction which was given. There must also be ownership or possession upon the part of the defendant as well as negligence. Suppose that the owner of the rear lot had employed Gault to fill up, &c., and that Gault had neglected so to do; that the injury to the plaintiff had resulted from such want of filling up, &c., and there was no negligence on the part of the plaintiff, such a case would have been directly within the instruction granted by the Court below, and yet it is clear upon that state of facts the plaintiff would have had no ground of action against the defendant. 1 *Ch. Pl.,* 72. *Story's Agency,* secs. 308, 309, 310. Even, therefore, if there had been evidence of negligence on the defendant's part, the instruction would have been erroneous, its defect consisting in its not requiring the jury to find in addition to the negligence, that the defendant owned or was possessed of the lot, the improper condition of which caused the injury to the plaintiff.

*Third.* The instruction should have confined the jury to the lot adjoining that of the plaintiff on the west, because the injury emanating from *that lot, and that only*, was the one for which reparation was sought by the pleadings.

*Fourth.* The jury may have been misled by the instruction not specifying which lot was meant, and was therefore bad. *Ewalt vs. Harding*, 16 *Md. Rep.*, 170.

4. If an instruction has a tendency to mislead the jury, it is bad. *Clements vs. Smith*, 9 *Gill*, 160, and such was the case here.

*First.* The negligence of an agent being the negligence of his principal, the instruction would have been correct if it had said nothing at all of agents. But the Court had no right to tell the jury that they must find against the defendant if they found want of care in the defendant *or his agents*, unless it at the same time excused him, if they found want of care in the plaintiff *or his agents*. Under the instruction granted, the jury may have very well supposed that, as the Court all through the instruction coupled the defendant's negligence with that of his agents, and nowhere connected the plaintiff's with that of *his*, that want of care upon the part of plaintiff's agents, to wit: those who erected the property injured, (and which was one of the defences made at the trial,) was no execuse for the defendant.

*Second.* Conceding the instruction referred to to have been correct, yet the refusal of the defendant's prayer was calculated to mislead the jury. They may have supposed that although the injury was caused by an extraordinary rain, yet defendant was liable; that the plaintiff was not bound to protect his wall by props or otherwise, &c. *Burgess vs. Lloyd*, 7 *Md. Rep.*, 200, 201.

5. The instruction given to the jury assumes, first, that there was "insufficient cleansing," &c.; second, that there was negligence, &c., on the part of the defendant: these facts it assumes by the use of the definite article "the." The prayer should have read, "that said injury was caused by

insufficient cleansing," &c., or "by *any* insufficient cleansing," &c., "that such insufficient cleansing, &c., were the results of negligence," &c., or "the results of *any* negligence," &c. *B. & O. R. R. Co. vs. Resley,* 7 *Md. Rep.,* 297. *Cropper vs. Pittman,* 13 *Md. Rep.,* 190. This last case is precisely similar, for there the fault consisted in the use of the definite article "the." If in that case the prayer had read, "a bond or promissory note of J. S. C.," instead of, "*the* bond or promissory note of J. S. C.," it would have been correct.

*Henry Stockbridge,* for the appellee :

1. If the law of the case has been accurately declared in terms explicit and intelligible to the jury, so that full and substantial justice may be done to the parties, it is no ground of objection that such instruction was not given in the words of the prayers. *Hall vs. Hall,* 6 *G. & J.,* 386. *Mut. Safety Ins. Co. vs. Cohen,* 3 *Gill,* 459. *Keener vs. Harrod & Brooke,* 2 *Md. Rep.,* 63. *Coates & Glenn vs. Sangston, et al.,* 5 *Md. Rep.* 121. *N. Y. Life Ins. Co., vs. Flack,* 3 *Md. Rep.,* 341.

2. The defendant's prayers were involved, confused and obscure, even where they enunciated correctly the law as an abstract question. They were therefore properly rejected as tending to mislead the jury. *Whiteford vs. Burckmyer & Adams,* 1 *Gill,* 127. *Stockton vs. Frey,* 4 *Gill,* 406. *Clements vs. Smith's Admrs.,* 9 *Gill,* 160. *Augusta Ins. Co. vs. Abbott,* 12 *Md. Rep.,* 381.

3. The instruction given by the Court required the jury to find all that was essential to the plaintiff's right to recover; it took from them no question of fact involved in the case; it assumed nothing in dispute, or which had not been assumed by the defendant as the basis of some one or more of his prayers; and it submitted to the jury no question of law. It covered the whole case and was not therefore error. *Edelin vs. Saunder's Exrs.,* 8 *Md. Rep.,* 118. *Hess vs. Newcomer, &c.,* 7 *Md. Rep.,* 324. *Cole vs. Hebb, Admr.,* 7 *G. & J.,* 20.

BOWIE, C. J., delivered the opinion of this Court:

The cause of action as alleged in the *nar.* in this case, is, that the plaintiff was seized of a lot of ground and premises on the north side of Lexington street, in the City of Baltimore, immediately adjoining and bounding on a lot of ground belonging to and owned by the defendant, and while the plaintiff was so seized and possessed, the defendant improperly, carelessly and wrongfully prevented and stopped for a long time, the flowing and draining of the water from the back yard of the said premises, whereby said water was held and retained in large pools in said yard and against the western wall of the back building of the plaintiff, by which the plaintiff's wall was undermined and thrown down.

To which the defendant pleaded, 1st, "*Not guilty;*" 2d, "That the wall at the institution of the suit was and still is the property of the defendant;" on which issues were joined.

After evidence of property in the plaintiff and defendant, of the several adjoining lots, witnesses were examined by the plaintiff and defendant, to show on the part of the former, that the injury resulted from obstructing the flow of water from the yard of the defendant, done in the course of building and repairs on his own premises; and on the other hand, on the part of the latter, that the injury was occasioned by an extraordinary fall of rain, which flooded the city, and that no ordinary rain would have produced such injury, but with the use of proper precautions on the part of the plaintiff, the injury sustained by him, might have been avoided under the circumstances then existing, and that the defendant was not in default. The defendant presented a series of prayers, intended to present the propositions following, viz:

1st. That if the injury sustained was caused by the extraordinary rain, without the absence of reasonable care on the part of the defendant, the plaintiff was not entitled to recover.

2d. If the injury caused as aforesaid, might, by the exer-

Gault *vs.* Humes.

cise of reasonable diligence or care on the part of the plaintiff, have been prevented, the plaintiff was not entitled to recover.

It is well established law, that where an accident happens entirely from a superior agency, and without default on the part of the defendant, or blame imputable to him, an action for injury resulting from such accident is not maintainable, and the above defence may be given in evidence under the general issue. *Broom's Leg. Maxs.*, 171. *Wakeman vs. Robinson*, 1 *Bing.*, 213, 215. *Hall vs. Fearnley*, 3 *Q. B.*, 919. *Weaver vs. Ward, Hobart*, 134.

It would be unreasonable that those things which are inevitable by the act of God, which no industry can avoid or policy prevent, should be construed to the prejudice of any person in whom there was no *laches.* 2 *Bl. Com.* 122.

The obligations and duties of vicinage, urban or rural, already so numerous and delicate, would be onerously multiplied, if liability for inevitable consequences, was superadded to those now imposed by law on the owners of adjacent lands, houses and lots.

However correct some of the general principles which the prayers were designed to present, they were so obscurely and imperfectly expressed as to be calculated to mislead the jury, and to justify their rejection.

A majority of this Court are of opinion that the instruction granted by the Court below, as a substitute for the prayers offered by the appellant, sufficiently covers every aspect of the case, and correctly announces the law which fixes the liability of owners of property in such cases.

*Judgment affirmed.*

(Decided Dec. 7th, 1863.)