FIRST NAT. BANK OF RALSTON v. WALWORTH.

No. 2158, Okla. T.        Opinion Filed December 21, 1908.

(98 Pac. 917.)

**TRIAL—Instructions—Applicable to Issues.** It is not error for the trial court to refuse to give an instruction submitting to the jury matters not applicable to the issues raised in the pleadings, and which there is no evidence tending to prove.

(Syllabus by the Court.)

*Error from the District Court, Pawnee County; Bayard T. Hainer, Judge.*

Action by Minnie Walworth against the First National Bank of Ralston. Judgment for plaintiff, and defendant brings error. Affirmed.

On March 25, 1905, Minnie Walworth, defendant in error, plaintiff below, sued the First National Bank of Ralston, plaintiff in error, defendant below, in the probate court of Pawnee county,

in conversion for certain personal property belonging to her, consisting of cattle, horses, a wagon and corn cultivator alleged in her petition to be of the value of $207, for which she prayed judgment and costs. For answer defendant filed a general denial. There was judgment for plaintiff as prayed, and on trial anew in the district court, judgment was again rendered in favor of plaintiff, for $141, and after motion for a new trial filed and overruled, to which defendant excepted, it brought the cause, by petition in error and case-made, to the Supreme Court of the territory of Oklahoma, and the same is now before us for review as successor to that court.

C. J. Wrightsman, James B. Diggs, and Charles E. Bush, for plaintiff in error.

TURNER, J. (after stating the facts as above). The testimony discloses that at the time of her marriage the father of plaintiff gave her an organ, that while she and her husband were living in New Mexico, some 11 years prior to the bringing of this suit, she traded it for a mare, a colt, and a filly; that about the year 1900 they moved to Purcell, Okla., and lived on a rented farm belonging to her father; that while there, about that time, plaintiff's husband sold said stock for feed, and gave her, in lieu thereof, the two horses in controversy; that in the fall of that year her husband bought three cows at a sale, and gave his note for the purchase price, and the following February deserted her; that pursuant to an understanding with him after he had been gone some time, she and her father went to the holder of the note, and gave their note, in lieu of that of the husband, in payment for the cattle, which she afterwards paid out of the proceeds of cotton raised by herself and children on the place, which she rented that year from her father, and that the cattle in controversy are these cattle and their increase; that the cultivator in controversy was bought by her with the assistance of her son and father at Pawnee, before her husband left; that just prior to his leaving they divided their property, at which time she took a wagon and he took a wagon and team and the proceeds of certain hogs, the increase of one previously given her daughter

by her father, with the understanding that she was to pay the debts and keep the cattle, which she did; that he had not since returned, except for a day or two upon two or three occasions; that on March 28, 1904, while away, and without her knowledge or consent, he mortgaged her said property to plaintiff in error, who took possession thereof in foreclosure a few days before this suit was brought; that she notified plaintiff in error at the time that the same was her property, and followed it up to the sale, protesting.

The evidence wholly fails to disclose any outstanding indebtedness at the time this arrangement was made between plaintiff and her husband other than as stated. It was not contended at the trial that it was made in fraud of creditors, either existing or subsequent. The contention was unmixed with the question of fraud, and was, upon the part of plaintiff, that the property was hers, and upon the part of the bank that it belonged to her husband at the time of the execution of the mortgage. There was practically no conflict in the testimony upon the question of ownership, and no exception saved to the charge of the court, who upon that point charged the jury:

"In this case, you are instructed that, if you find from the evidence that at the time the property was taken by the defendant bank, under the chattel mortgages in question, the plaintiff was the owner of the property, and had possession of the same at that time, and that the same was taken without her consent, and sold, and converted to the use of the bank without her consent, then the plaintiff would be entitled to recover."

And as to the burden of proof said: "You are instructed that the burden of proof is upon the plaintiff to establish her cause of action by preponderance of evidence. If you find that the evidence is evenly balanced, or preponderates in favor of the defendant, then you should find the issues in favor of the defendant, and against the plaintiff." The error complained of is that the court on request refused to charge the jury as follows:

"The court instructs the jury that the sale or gift of all, or substantially all, of the husband's property to the wife is, as to

the creditors of the husband, presumptively fraudulent and void, and that the burden is on the person setting up such a sale to prove such sale was made, and was made upon a fair, sufficient, and valuable consideration."

It is apparent that the court did not err in refusing to so charge, for the reason that it is not based upon the issues raised in the pleadings, nor applicable to the facts adduced by the evidence nor to the theory upon which the case was tried (11 Enc. Pl. & Pr. 158, 168, 169, 190), but might be proper in a case where a conveyance from husband to wife was assailed as made in fraud of existing creditors. No fraud being charged, and there being at the time no creditors to be defrauded, it is clear that the court did not err in refusing to give the instructions; there being no evidence upon which to base it (11 Enc. Pl. & Pr. 170). Neither did the court err in refusing to charge: "The jury is further instructed that, if they find from the evidence that Frank Walworth bought the cattle testified to by Mrs. Walworth, and gave his note for the purchase price of said cattle, subsequent payment of said notes by Mrs. Walworth would not invest her with the title to cattle so purchased by Frank Walworth"—for the reason that the same is misleading, in that there is no evidence reasonably tending to support it. The evidence does not tend to show that plaintiff paid the notes given by her husband for the cattle, but is uncontradicted that, pursuant to an understanding with him, she became the purchaser of the cattle by giving her note in lieu of his, which she afterwards paid.

Finding no error in the record, the judgment of the lower court is affirmed.

All the Justices concur.