## Chesapeake & Ohio Railway Company v. Adkins, et al.

(Decided December 14, 1915.)

Appeal from Pike Circuit Court.

Negligence—Existence or Non-existence of—Evidence—Failure of Proof.—When the question is one of negligence or no negligence and the evidence is equally consistent with either view, the existence or non-existence, the court should not submit the case to the jury, for the party affirming negligence has failed to prove it.

J. M. YORK and WORTHINGTON, COCHRAN & BROWNING for appellant.

ROSCOE VANOVER for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing in part and affirming in part.

Appellees, Mary E. and Marion S. Adkins, owned a tract of land in Pike county through which appellant's railroad runs, separating their hill from their bottom land. They sued appellant in the Pike circuit court to recover one thousand ($1,000) dollars damages, alleged to have been done by appellant to their bottom land by diverting the natural flow of water over and across the land, thereby injuring appellees' crop and the land. Appellant traversed the allegations of the petition, and upon a trial, the jury awarded to appellees two hundred and fifty ($250) dollars for permanent damages done at the mouth of Hopkins Creek, and one hundred and fifty ($150) dollars temporary damages to the bottom land. A judgment was then entered for appellees against appellant for four hundred ($400) dollars.

Appellant filed motion and grounds for a new trial, which were overruled, and it has appealed to this court.

The proof shows that some time in 1912 there was a very heavy rain that washed everything out of Hopkins Creek, including a lot of brush, logs, poles, etc., from all along said creek, and from a clearing upon part of appellees' hill land; that this brush, etc., washed down by that rain stopped up the culvert which appellant had built across this creek to support its railroad track. The proof further shows that the stopping up of the culvert in connection with the very heavy rain, caused the water of Hopkins Creek to overflow the railroad track onto appellees' bottom land, of which there were 6 8/10 acres, below the railroad; that this water upon that occasion washed away a small piece of this bottom land twenty-five feet wide at one end, tapering to nothing at the other end and one hundred and fifty feet long; that in addition, the water washed the top soil off of a strip from three to eight feet wide from this bottom land. The damage done upon this occasion is the only damage shown in the proof to have been done to appellees' land at the mouth of Hopkins Creek. The proof further shows that this rain was a very unusual downpour, and one that appellant had no reason to anticipate. From the mere fact that appellees' land was damaged by this heavy rain, negligence cannot be imputed to appellant in the construction of the culvert, nor in any other respect. No one, who qualifies as a competent witness, testifies or suggests that appellant's culvert across this creek was wrongfully constructed or inadequate for the ordinary and usual rainfall. One or two of appellees' witnesses state that the culvert did not seem big enough because debris collected about it at times and backed the water up, but none of these witnesses qualify as experts. If it were negligence for appellant not to have anticipated such a rain as washed out the timber, etc., from appellees' clearing, it was equally negligence upon appellees' part not to have foreseen and provided against the same contingency. We find in the evidence no proof of any negligence upon the part of appellant from which the damage to appellees' land at the mouth of Hopkins Creek could have resulted, and we think the court erred in submitting that question to the jury, and the judgment to the extent it gave appellees two hundred and fifty ($250) dollars for damages to their land at this place is reversed.

Upon the most favorable construction for appellees, the evidence is equally consistent with the existence or non-existence of negligence upon the part of appellant at this place.

"When the question is one of negligence or no negligence and the evidence is equally consistent with either view, the existence or non-existence, the court should not submit the case to the jury, for the party affirming negligence has failed to prove it. Woodburn v. Union Light, Heat & Power Co., 164 Ky., 33."

The proof shows that, in addition to this damage, there was some slight damage done to appellees' land and crops resulting from a cut or slip made by appellant above the railroad which obstructed a small hollow, the water from which had theretofore gone into Hopkins Creek and through this culvert, but which, by result of this slip, was caused to flow through a cattle-guard onto appellees' bottom land. This was shown by the evidence to have been avoidable by appellant, and, in fact, the condition seems to have been corrected in part at least before the trial of this case by the construction by appellant of some sort of a dam or cribbing. For whatever damage was done to appellees' land by this slip, they were entitled to recover, and appellant was not entitled to the peremptory instruction asked for as to the damage occasioned thereby. Appellees' claims for both permanent and temporary damages resulting from this cause, were submitted to the jury by appropriate instructions, and the jury awarded appellee $150 temporary damages, evidently for the injury resulting to their land and crops from the time this slip was made until the resulting conditions were corrected by appellant, and refused to allow appellees permanent damages on this account.

Appellant objects to the amount of damages awarded upon the ground it is excessive, and from the proof in this case it is large, ample in our opinion to compensate appellees for the entire injury, but we do not think the amount so excessive as to suggest that it resulted from prejudice or passion upon the part of the jury.

It, therefore, results that so much of the judgment as awarded damages in the sum of $150 for the injuries done to the bottom land is affirmed; but, that that part of the judgment which awarded $250 for damages at the mouth of Hopkins Creek is reversed.