## Brandenburg, By et al. v. Louisville & Nashville Railroad Company.

(Decided March 9, 1916.)

### Appeal from Estill Circuit Court.

Negligence—Burden of Proof.—The existence or the non-existence of negligence being equally consistent with the proof, and the burden to prove its existence being upon appellant, he having failed to do so, must fail.

CLARENCE MILLER and J. L. CARPENTER for appellants.

BENJAMIN D. WARFIELD, WALLACE & HARRIS and ROBERT R. FRIEND for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

John Brandenburg was employed by the Louisville & Nashville Railroad Company as a laborer in the original construction of one of the tracks leading from its main tracks to a new round house it was building at Irvine, Kentucky. The company provided a hand car for the conveyance of appellant and some nine or ten others of its employes, engaged with him, between their homes at Irvine and the place where they were at work about two miles distant.

On the morning of June 20, 1914, appellant and the others working with him, and four other persons not so employed, were permitted to board the hand car at Irvine, and the car under the direction of the foreman of appellee's crew, with fourteen persons aboard, started to the place of work. When within a short distance of their destination, appellant fell off and in front of the

car, and it ran over him, inflicting considerable injuries upon him.

To recover ten thousand ($10,000.00) dollars damages for these injuries, appellant filed this suit, and at the conclusion of his evidence a verdict was directed in favor of appellee, and his petition dismissed.

In his petition appellant alleges that his injuries resulted from appellee's foreman in charge of the hand car permitting it to be overloaded; that it was overloaded by having fourteen persons upon it. These fourteen persons were stationed upon the car in the following positions: Appellant and three other employes were in a row across the front end of the car holding to the handle bar attached to the front end of the lever, and thereby assisting in propelling the car. Four other employes were similarly stationed and similarly employed on the rear end of the car. In the spaces on either side of the car and between the handle bars of the lever were stationed the other six men on the car, three men being in the space on either side of the car, which spaces are called "dog holes."

There is some evidence tending to show that the car thus loaded was overloaded, but there is no evidence whatever to show how, even if overloaded, that fact caused or contributed to the accident. The only evidence offered to show how or why the accident occurred was given by appellant and two other witnesses, whose evidence is no more strongly for him than his own. His evidence upon this question is as follows:

"Q. What were you doing at the time? A. Helped pumping the car. Q. What do you mean by helping pumping car? A. Helped to run it. Q. I believe you stated you had hold of the front lever, did you not? A. Yes, sir. Q. How did you have hold of it? A. Had hold of it with my right hand. Q. How did you stand? A. With my side to the lever. Q. What happened while you were holding the lever with one hand? What happened to you? A. Well, my right hand slipped from the lever and I slipped in front of the car and it passed over me. Q. Why didn't you have hold of it with both hands? A. I didn't have room. Q. State whether or not it would have been safer if you had held it with both hands. A. Yes, sir, it would have been safer."

From which it will be seen that the only reason offered by him was his own act in losing his hold upon the

handle bar, with no reason stated or suggested why or how his hand slipped from the lever, unless it can be supplied from the fact that he was at the time holding to the lever with but one hand, when it would have been safer to hold with both hands, but which he was prevented from doing because of the crowded condition of the car. We might, of course, infer that the accident would not have happened if he had had more room, and had held the lever with both hands, but we would be equally as well justified from the evidence in an inference that his hand slipped off the lever because of his own carelessness or negligence. From which it results that from the case made out by appellant the existence or the non-existence of negligence upon the part of appellee is equally consistent with the proof. The burden being upon appellant to prove negligence upon the part of appellee, and having failed to do so, he must fail. Louisville Gas Co. v. Kaufman, 105 Ky., 131; Caldwell's Admr. v. C. & O., 155 Ky., 609; Woodburn v. Union Light, Heat & Power Co., 164 Ky., 33; L. & N. R. R. Co. v. Chambers, 165 Ky., 736; C. & O. v. Atkins, 167 Ky., 329; L. & N. R. R. Co. v. Mink, 168 Ky., 394.

Wherefore, the judgment is affirmed.