## SAND SPRINGS RY. CO. v. BALDRIDGE.

No. 7306—Opinion Filed July 25, 1916.

(159 Pac. 487.)

**1. Negligence—Pleading—Defense—Act of God.**

The defense of an "act of God" is a special defense in actions of negligence, and to be available must be pleaded.

**2. Trial—Instructions—Applicability.**

It is not error for the court to refuse to instruct upon an issue not within the pleadings.

(Syllabus by Rummons, C.)

Error from Superior Court, Tulsa County; M. A. Breckenridge, Judge.

Action by Kate Baldridge against the Sand Springs Railway Company, a corporation. From a judgment for plaintiff, defendant brings error. Affirmed.

Poe, Hindman & Lundy, for plaintiff in error.

William J. Gregg, for defendant in error.

Opinion by RUMMONS, C. This action was commenced in the superior court of Tulsa county, by the defendant in error, to recover damages from the plaintiff in error for the death of her husband, George F. Baldridge. The petition alleges that the deceased was employed by the plaintiff in error as a motorman upon its trolley line between Tulsa and Sand Springs; that on the morning of January 19th, the deceased was operating a motor car upon the line of plaintiff in error and was approaching the home station at Sand Springs, upon the schedule time of his car; that the plaintiff in error's servants and employees negligently ran another car out from a switch at said home station, upon the main line of track, without giving any warning or signal of such movement or without any flagman being stationed to give any signal or other warning to the approaching car, operated by the deceased; that the weather on said morning was foggy and dark and the track wet and slippery, and that by reason thereof the deceased was unable to discover the other cars upon the main line or track of plaintiff in error in time to bring his car under control and prevent the collision from which his

death resulted; that the collision which caused the death of said George F. Baldridge occurred without fault, negligence, or carelessness upon his part, but was due wholly to the fault, negligence, and carelessness of plaintiff in error, its servants and employees, in the careless and negligent manner of their operation of said other car.

Plaintiff in error filed the following answer:

"Now comes the defendant in the above-entitled cause and denies each and every fact, matter, and thing in plaintiffs' petition alleged, and says that if said George F. Baldridge came to his death while in the employ of the defendant, that said death was caused by the negligence of said George F. Baldridge directly or by such contributory negligence as amounted to the proximate cause of said injury and death, and that the plaintiff assumed the risk of said injury, same being incident to his employment.

"Wherefore defendant prays that plaintiffs take nothing by this action, and that defendant be warranted its costs."

The cause was tried to a jury, resulting in a verdict for defendant in error, upon which judgment was entered. The motion of plaintiff in error for a new trial having been overruled, it brings this proceeding in error to reverse said judgment.

The only assignment of error argued in the brief of plaintiff in error is that the court erred in refusing instruction No. 3 requested by plaintiff in error, which is as follows:

"You are instructed that the defendant had a full right under its franchise to operate its railway for the transportation of freight, and had a right incident thereto to switch cars on and off of its main line at the point near what is known as the 'Home' station on said line of railway; that if you find that under ordinary and usual circumstances said defendant could have switched said freight cars from and off said line at the point where said accident occurred without sending a flagman or switchman to warn approaching motor cars of their presence on said track, and if you find that said accident would not have occurred except for the heavy fog, and if you find that said fog was unusual and unprecedented, then you will find that said accident was caused by the act of God, and that defendant is not liable."

It is insisted by plaintiff in error that the court erred in refusing said instruction, because the accident which resulted in the injury complained of was occasioned by an unprecedented fog which could not have been foreseen. and therefore was the result of an "act of God." We think this assignment of error is without merit, for the reason that the plaintiff in error, in its answer, did not plead that the accident was occasioned by an act of God. The defense of an "act of God,"

or vis major, is a special defense in actions for negligence, and, to be available, must be pleaded. 29 Cyc. 580; 2 Bates Pl & Pr. 1201; Orient Ins. Co. v. Northern P. Ry. Co., 31 Mont. 502, 78 Pac. 1036; New Haven, etc., Co. v. Quintard, 6 Abb. Prac. N. S. (N. Y.) 128.

It is true that evidence was offered by the defendant in error to show the foggy condition of the morning, but this evidence was offered upon the issue of contributory negligence of the deceased, pleaded by plaintiff in error, to show that because of the fog and the wet and slippery condition of the track the deceased was not guilty of contributory negligence in not discovering the presence of the other car upon the track in time to avoid the collision. The defense that the collision was occasioned by an act of God appears to be presented in this case, for the first time, by the requested instruction. It has been repeatedly held by this court that it is not error to refuse to instruct the jury upon matters not put in issue by the pleadings. First Nat. Bank v. Walworth, 22 Okla. 878, 98 Pac. 917; Ft. Smith & W. R. Co. v. Collins, 26 Okla. 82, 108 Pac. 550; Finch v. Brown, 27 Okla. 217, 111 Pac. 391; Redus v. Mattison, 30 Okla. 720, 121 Pac. 253; Chambers v. Van Wagner, 32 Okla. 774, 123 Pac. 1117; Kennedy v. Goodman, 39 Okla. 470, 135 Pac. 936. It necessarily follows, therefore, that the court did not err in refusing the requested instruction.

This being the only error complained of by plaintiff in error, the judgment of the court below should be affirmed.

By the Court: It is so ordered.