## C., N. O. & T. P. Ry. Company v. McCane.

(Decided June 1, 1923.)

### Appeal from Grant Circuit Court.

1. Master and Servant—Hand Car with Loose Handles Held Defective.—A hand car furnished by a railway company for its section crew, on which the lever was loose and defective, and when forced up and down would jerk, was a defective appliance.

2. Master and Servant—Evidence as to Whether Negligent Operation of Defective Hand Car Caused Injury Held for Jury.—In an action for injuries to section hand who fell from a moving hand car, evidence on which defendant moved for a directed verdict held to warrant the jury in finding that the proximate cause of plaintiff's fall and injury was the negligent operation of hand car at a high speed when the handle thereof was loose and defective.

DE JARNETTE & HARRISON for appellant.

DICKERSON & HOGAN for appellee.

Opinion of the Court by Chief Justice Sampson—Affirming.

As a section hand appellant McCane was required to work on the track of appellant company and at the end of the day's labor to pump one of the handle bars of a hand car to carry himself and other men to their places of abode. While operating the hand car for the purpose aforesaid, appellee, McCane, was, as he claims, through a defect in the lever of the machinery of the car jerked and thrown from the car on to the track in front of the car and was run over and badly injured by the same. This suit was instituted by him to recover damages of the railroad company for the injury, pain and suffering, and he was awarded $1,379.00. It is admitted that he was engaged in interstate commerce at the time of the infliction of the injuries. To reverse the judgment entered upon this verdict the railroad company appeals.

Appellant company insists that there was no evidence showing negligence on its part sufficient to carry the case to the jury, and that its motion made at the conclusion of all the evidence for a directed verdict in its favor should have been sustained.

Appellee McCane proved in substance that at the end of the day's work his boss, named Brown, directed him and the balance of the gang to load up their tools on the hand car and get aboard the car and take their working implements to the tool house, where they would be left, before going to their several homes. In obedience to the order of the boss appellee says that he and the other men loaded up their tools and climbed on the car. It was appellee's duty to pump one of the levers. He stood on the front of the car in the direction it was moving and began to work the lever up and down so as to cause the car to move. There were two levers with a handhold on either end, and six men were required to pump these levers. After going a short distance the foreman, according to the evidence of appellee, said in substance, "Give us a little more speed," and appellee and the other men at the levers began to pump more rapidly, forcing the car along at a rate of some twenty to twenty-five miles per hour. About the time they had gained this rate of speed and appellee McCane was doing his utmost to comply with the orders of the boss and to keep up the speed of the car by forcing the lever up and

down, the lever of which he had hold and which was loose and defective, suddenly gave a jerk which threw appellee McCane off the car on to the track in front of it so that he was run over and injured. He fell on his back and the striking of his head against the rails or ties caused a bloody wound and knocked him insensible; when the car ran over him it broke his arm and dislocated his elbow and injured his eye and tore several places in the skin of his face and head. He was unconscious for some time. After being laid on the hand car he was carried to the station, from which place he was later taken to his home. Two or more physicians were called and attended him. He did not go to the hospital at that time although the appellant company insists that its physicians, two of whom attended him, urged him to go to the hospital. This is denied by appellee and his father and mother, who say he was not advised to go to the hospital until eight days later when the family physician suggested he go, and he went immediately thereafter. Several X-ray pictures are in the record showing the condition of the bones at the time he arrived at the hospital. His arm was in very bad condition and had not fully regained its normal strength at the time of the trial. Indeed, there was some evidence to the effect that the injury to his arm is permanent.

Evidence is not lacking to show that the lever on the hand car which appellee was using was in a defective condition. The wooden part was bolted to metal and these bolts had worked loose and the handle would give and work and when forced up and down would jerk. This was a defective appliance furnished appellee with which to do his work. This defect in the lever appears, from the evidence of appellee McCane, to have been the immediate cause of his injury. This case is easily distinguishable from the case of Brandenburg v. L. & N. Ry. Co., 169 Ky. 59, and other cases cited in appellant company's brief. In the Brandenburg case the man fell off the hand car because he was careless in holding by one hand only. It is likewise distinguishable from the case of L. & N. R. R. Co. v. Campbell's Admr., 186 Ky. 628. In that case the appellee was helping to propel a car by lever when his hand slipped and he fell in front of the car and was injured. He was not allowed to recover because there was no evidence to show why his hand slipped; no jerk or other unusual action on the part of

the lever was shown. Campbell's hand slipped for some reason unexplained. That opinion was based upon the theory that a recovery for negligence or wrongful act cannot be had unless the evidence shows that the injured party lost his life through the negligence of the defendant company. It is there said that a recovery cannot be had on mere surmise or speculation as to how the injury or accident happened, and that there is no presumption of negligence where the injury may as reasonably be attributed to a cause that will excuse the defendant as to a cause that will subject it to a liability. That case differs from this one in that the appellee in this case introduced evidence clearly showing that the defective appliance on the hand car gave a sudden jerk which threw him from the car and caused his injury. We think the evidence shows that the railroad company was negligent in operating its hand car at a high rate of speed while employing a defective jerking lever, and that the injury of appellee McCane was the direct and proxi-- mate result of that negligence.

The judgment is therefore affirmed.