# Fife v. Chesapeake & O. Ry. Co.

May 25, 1948.

L. J. May and W. A. Daugherty for appellant.

Henry J. Scott and J. P. Hobson for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming.

This is a suit brought by appellant against appellee in the sum of $2647.50 for damage to his home and destruction of his furniture, wearing apparel, food, vegetables and chickens occasioned by a flash flood in Dunleary Hollow, in which appellant resided, on the early morning of August 2, 1945. The petition alleges that appellee negligently constructed and maintained drain pipes under its fill at the mouth of said hollow; that the drain pipes were wholly insufficient to permit the escape of water and to care for the natural drainage in said hollow, causing the waters to back up from the fill thus causing the damage to appellant's property complained of. In its answer appellee denied the allegations of the petition, pleaded that the drain pipes complained of were permanent structures which had been constructed more than 15 years before the institution of this action; that appellant had moved onto his property knowing that the water from the adjoining land would have to escape through the drainage pipes provided by appellee for that purpose and it pleaded the five year and fifteen year statute of limitations as a bar

to appellant's claim. At the close of all the testimony the court peremptorily instructed the jury to find for the defendant. From the judgment based on this verdict and dismissing his petition, appellant prosecutes this appeal.

Although appellee pleaded the five and fifteen year statute of limitations these pleas seem to have been abandoned and appellee's real defense was based on its contention that the extraordinary rain and flood was an act of God and that appellant's loss was caused from this and not from any negligence of appellee. This was not specifically pleaded and appellant contends evidence concerning the extraordinary rain could not be introduced in the absence of an "Act of God" plea. This question was decided adversely to appellant's contention in Chesapeake & O. R. Co. v. Carmichael, 298 Ky. 769, 184 S. W. 2d 91, in which this court held that no affirmative or special plea that flooding of plaintiff's property was caused by an act of God is necessary and that it is sufficient for the defendant to deny, in general terms, that the damage was caused by his negligence. Therefore testimony of the unusual rainfall was admissible in the case at bar under the general denial of negligence.

## The Facts

Dunleary Hollow is located about three-fourths of a mile west of Elkhorn City in Pike County. Across the mouth of this hollow runs the main line of the Big Sandy Division of the C. & O. Railroad. The hollow is drained by a small branch the waters of which pass out of the hollow and under the railroad fill and flow into Russell Fork of Big Sandy River through a box culvert 2½ feet wide by 4½ feet high. Appellant's house is located about 60 feet from the tracks of the railroad and the floor of the house is 1½ feet above the top of the rails. On the early morning of August 2, 1945, between midnight and 8:30 A. M. a heavy rain of cloud burst proportions resulted in flash floods which did considerable damage in this section including the damage to appellant's home, outbuildings, food, furniture and fowls for which he seeks to hold appellee responsible. That responsibility depends upon whether appellee was guilty of such negligence in the construction and maintenance

of its culvert as, but for this negligence, the loss would not have occurred or whether the loss was caused by the unusual rain and the resulting flash flood, in other words, an act of God over which appellee had no control.

We have carefully read all the evidence and without detailing it we think it conclusively establishes that on the night and early morning in question there was an extraordinary rain and a resulting flash flood from which appellant's loss directly resulted and that it was of a character that must be regarded as an Act of God, as that term is known in the law, and that no drain or culvert which appellee was obliged to construct to carry off the waters from a normal rainfall would have carried off the abnormal flood waters which swept the hollow in which appellant lived and the surrounding country. It is clear from all the testimony, including the plaintiff's own testimony, that his damage was not caused by backwaters produced by any obstruction or inadequacy of the drain, but by the tremendous sweep of the water rushing down the hollow bearing rocks, logs, and other debris. Since appellant's house stood a foot and a half above the railroad tracks, and the outbuildings still higher above the tracks, and since the water rushed through his house at a depth of several feet, it is obvious that it was over the railroad tracks and the inadequacy of the culvert was not the direct cause of the damage. The facts in this case are similar to and the law of the case seems to be controlled by the case of Chesapeake & O. R. Co. v. Carmichael, 298 Ky. 769, 184 S. W. 2d 91, 92, in which this court said:

"It is well established law that where damage is caused by a superior agency and without fault on the part of the defendant, or blame imputable to him, an action for damages is not maintainable. It is tacitly conceded on the appeal that this rain fall was of such extraordinary degree and character as to be regarded as an act of God. * * * It is very apparent that the failure of the Railway Company to keep open its drainage ditch alongside the track had nothing to do with the flooding of plaintiff's property. It would have occurred had that ditch been 5 feet deep and clear and clean, for, as we have said, the water covered all the right of way and extended beyond over plaintiff's land in the same way several feet. It ran in a swift current down

the valley. * * * The point upon which we decide the case is the evidence, and that evidence was such as to require, in our opinion, that the court peremptorily instruct the jury to find for the defendant.''

The case of Frazier v. Louisville & N. R. Co., 231 Ky. 107, 21 S. W. 2d 140, 142, was one in which as much or more testimony was introduced concerning the negligence of the railroad company in failing to maintain proper drainage as was introduced by plaintiff in this case. And yet this court held the railroad not liable and upheld the action of the lower court in directing a verdict for the defendant. In that case we said:

''It is argued that the railway company had to anticipate that another flood might come within that short period and that damage might be expected therefrom unless the culvert was cleaned out. * * * It appears that the railroad company had suffered serious property injury by the flood and its section men were putting forth strenuous efforts to keep the railroad in condition for trains to run. The culvert was opened so that the water could pass through, but they had not had time to clear away all the debris that had been collected. The rain on July 2d was lighter than the previous one, but on account of the filled condition of the channel it spread out over Frazier's property and got in his house inflicting serious damage upon him. The water ran over the railroad. * * * There can be no doubt that the railroad company was not to blame for the sudden obstruction of the culvert or for the great mass of debris that was carried there by the extraordinary floods. The question narrows to the single inquiry whether there was sufficient evidence of neglect in cleaning out the culvert, proximately resulting in injury to Frazier, to carry the case to the jury. The culvert was immediately cleaned out to the extent enabling the water reasonably to be expected at that season of the year to flow through it. But when the second rain occurred 33 days thereafter the opening was not large enough to carry off the water. The railroad company had sent several men there to clean out the culvert and they had worked several days at the task. * * * If the railroad company had removed entirely all the debris that was lodged on its right of way, it is not apparent that the damage suffered by appellant would have been lessened or averted. It

could not reasonably be claimed that its duty extended beyond those limits. * * * Appellant failed to offer any evidence tending to show a negligent breach of any duty owed him by the appellee, or that his injuries were traceable to any cause for which the railroad company was legally liable.''

The case of Dugan v. Long, 234 Ky. 511, 28 S. W. 2d 765, cited and relied on by appellant, is not in point on the question on which the case at bar went off and was decided on, i. e., the Act of God defense. That was an ordinary drainage case between two adjacent lot owners in the city of Louisville and involved the question of obstruction of the natural drainage. It did not involve the question of liability for damages caused by an extraordinary flood as in the instant case.

The case of Louisville & N. R. Co. v. Vandiver, 238 Ky. 846, 38 S. W. 2d 965, cited and relied on by appellant is more nearly in point and does decide that under the facts developed in that case the question of whether there was an extraordinary or unusual rainfall on the day in question was for the jury under proper instructions. However, the facts in that case are distinguishable from the facts in the case at bar which is more nearly like the Carmichael case, supra, and the Frazier case, supra, and which we think are controlling in cases of this character.

On the whole we think this case is one in which no liability was attached to the appellee but that the damage was occasioned by the forces of nature over which no man has control and that the losses sustained by appellant, severe as they are, must be borne by him. Wherefore the judgment of the lower court is affirmed.

Judgment affirmed.