## Walker v. Louisville Railway Company.

(Decided December 3, 1918.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Negligence—Obstruction in Street.—Proof merely that there was a pile of snow in the street in front of certain property when an accident occurred is no evidence that the owner of the property placed it there or was negligent in permitting it to be there.

2. Municipal Corporations—Obstruction of Sidewalk.—A city ordinance prohibiting the obstruction of the sidewalk by any beast of burden or vehicle is not shown to have been violated by proof that a street car, at a point where it had the right to move across the sidewalk, was standing on the sidewalk for a few minutes while an employe of the owner in charge of the car was attempting to replace the trolley on the wire.

Negligence—Obstruction of Street by Street Car.—There can be no negligence in the absence of a duty, and as the defendant was under no duty to furnish plaintiff a safe way around its car stalled for a few minutes on the sidewalk, it was not guilty of negligence in telling her to go around the car.

ROBERT L. PAGE for appellant.

STRAUS, LEE & KRIEGER and HUSTON QUIN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The Louisville Railway Company maintains an office and a car barn on the south side of Portland avenue between 32d and 33d streets, in Louisville. Between the office and barn a track leading from the main line on Portland avenue into the barn crosses the sidewalk. On the 12th and 13th of January, 1917, a heavy snow had fallen, and on the night of January 13th, about 8:00 o'clock, the appellant, Mrs. Walker, was walking east on Portland avenue, and as she approached the place where appellee's side-track crossed the sidewalk, a street car coming out from the barn had, for some reason unexplained in the evidence, become stalled upon and so as to completely obstruct the sidewalk. A man, evidently an employe of the company and in charge of the car, was at the rear end attempting to replace the trolley on the wire, and Mrs. Walker, after waiting a few moments, asked this employe, "Which way are you going?" and he said, "You go ahead." Mrs. Walker then stepped off the sidewalk into the street and walked around the front of the car, and as she attempted to go back on the sidewalk on the opposite side of the car, she stepped into a pile of snow, which was about two and one-half feet higher than the level of the sidewalk, and which she says she could not see because the car obstructed the light from the office of the company. As a result of stepping into this snow pile she lost her balance and fell, dislocating her right arm at the shoulder and breaking the rim of the socket in which the bone rested. To recover for the injuries thus sustained, which are serious and permanent, she filed this action against the company alleging that the car created an obstruction in the public street and was a nuisance; that the snow and ice as placed by the defendant company at such place created an obstruction and dangerous nuisance in the city street; that the defendant's

agent in charge of the car negligently told her to go around it; that the blocking of the sidewalk together with the accumulation of snow and ice in the street and sidewalk immediately east of where the car was allowed to be and remain, together with the direction and instruction of the defendant's agent in charge of the car, was the proximate cause of her injury. At the completion of her evidence a motion by the defendant for a peremptory instruction was sustained by the court, and upon the verdict thus returned a judgment was entered dismissing her petition, from which she has appealed.

That upon the evidence offered in her behalf the court erred in sustaining the motion for a directed verdict is the reason assigned for a reversal.

There is no evidence whatever that the defendant was responsible for the pile of snow into which plaintiff stepped and by which she was caused to fall unless, as is argued in her behalf, the fact that it was in the street at the edge of the sidewalk in front of defendant's property is evidence of such fact. It is insisted that it is a matter of common knowledge that the owners of property in Louisville are required to clean the sidewalks in front of their property of snow, and that a reasonable inference from evidence that the pile of snow was in the street at the edge of the sidewalk in front of defendant's property is that the defendant had placed it there. But, if we should assume to know the city regulations with reference to snow in Louisville, another inference equally as reasonable would be that the snow had been piled there by the street cleaning department of the city, and we do not think the mere fact that a pile of snow is in the street in front of certain property in a city is any evidence that the owner of the property placed it there. And even if we could indulge such an inference, the evidence only shows that it had been snowing during that and the previous day, and there is no evidence of unreasonable delay upon the part of the property owner in allowing it to remain there, or even for what length of time it had been there; hence there was no evidence that the snow pile was in the street because of any negligence of the defendant, nor is the evidence for the plaintiff that the car was standing upon the sidewalk for a few minutes while an employe of the company was attempting to replace the

trolley on the wire, sufficient to show that the defendant had violated the city ordinance providing that:

"It shall be unlawful for any person, firm, or corporation to lead, drive or ride any beast of burden or vehicle on or over the sidewalk, otherwise than in going to or from the premises occupied or owned by such person, firm, or corporation, or another, and then only at such time, and in such a way and manner, as will not interrupt or inconvenience the traveling public."

As is shown by the physical facts, defendant had the right to move its cars across the sidewalk at this point, and the ordinance certainly made it unlawful only where there was an unnecessary and unreasonable interruption or inconvenience to the traveling public from such use of the sidewalk by the defendant. There is no evidence whatever to show that the car was stopped on the sidewalk purposely or by reason of any negligence upon the part of the defendant, or that it was allowed to remain there for an unreasonable length of time or any longer than was necessary to remove it, or that any of the traveling public was interrupted or inconvenienced except plaintiff, or that she was or would have been interrupted or inconvenienced unreasonably had she waited until it had been removed. The only remaining act of negligence alleged in the petition is that the agent of the company told plaintiff to go around the car, but as there can be no negligence in the absence of a duty, this proved fact did not amount to negligence since the defendant was under no duty to furnish to plaintiff a safe way around its car stalled for a few minutes on the sidewalk.

It is, therefore, apparent that plaintiff failed to prove any negligence upon the part of defendant, and that the facts of this case do not even approach the facts in Louisville & Nashville Railroad Company v. Mulverhill, 147 Ky. 360, or Board of Councilmen of the City of Frankfort v. Chinn, 28 Ky. Law Rep. 257, upon which plaintiff chiefly relies, since in the Mulverhill case the defendant placed a pile of snow in the street and negligently allowed it to remain there an unreasonable length of time before it caused the accident, and in the Chinn case the city, whose duty it was to maintain its streets and sidewalks in a reasonably safe condition for travel, negligently permitted a hidden hole to remain in the street which the plaintiff was invited to encoun-

ter by a blockade constructed on the sidewalk to prevent its use during the time it was being repaired.

Since no negligence was proved we need not discuss the questions of contributory negligence and proximate cause urged for consideration in briefs.

Wherefore, the judgment is affirmed.