### Leonard v. Enterprise Realty Company.

(Decided March 26, 1920.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1. Negligence—Actionable Negligence—Recovery.—To constitute actionable negligence justifying a recovery the facts showing the existence of a duty to the plaintiff by defendant must be shown as well as a violation of that duty on defendant's part resulting in damages to plaintiff.

2. Negligence—Ordinary Care to Keep Premises Safe.—The owner of property who invites others to come upon his premises must exercise ordinary care and prudence to render the premises reasonably safe.

3. Negligence—Liability.—A defendant is generally not liable for negligence where no injurious consequences could reasonably have been contemplated as a result of the act complained of. Liability attaches only where injuries might have been anticipated or foreseen.

4. Negligence—Condition of Premises—Presence of Gas.—Plaintiff was desirous of renting an apartment. He procured the key to said apartment from men who were moving the furniture of a previous tenant; within an hour and a half after he notified the agent he wanted to inspect the premises he was injured through the explosion of gas, which followed the striking of a match by plaintiff when he entered the premises. The presence of gas was due to the failure of the moving men to turn off the gas or else to the

act of an intruder. In the absence of knowledge on the part of the landlord or his agent of the condition of the premises, the owner not being an insurer as to its safe condition he did not fail in his duty to exercise ordinary care and the lower court properly directed a verdict for defendant.

GRUBBS & GRUBBS and ELMER C. UNDERWOOD for appellant.

·FRED FORCHT and ALFRED SELLIGMAN for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellee owns a building two stories in height on the northwest corner of First street and Broadway in the city of Louisville, the lower story consists of five store rooms, above each of which is an apartment designed for family purposes. The store room and apartment at the corner are occupied by a druggist. The four remaining stores front on First street, and were rented to different tenants. There is a cellar under each of the stores, in one of which is located the gas meters for the several stores and apartments.

Appellant was a dental student. Desirous of going to housekeeping he and his wife had been on the lookout for an apartment, and having learned that one of appellee's apartments would likely be vacant he inquired of the agent and was informed that one of the tenants had been notified to vacate, but it was uncertain when he would do so. Between four and five o'clock on the afternoon of December 19, 1917, while passing the corner appellant saw a moving wagon in front of the building; he entered the apartment and procured from one of the men in charge of moving the furniture a key to the rear door. He went immediately to the agent's office, reaching there about 5 p. m., reported he had the key and asked permission to look at the apartment, which was granted. References previously given by him having proven satisfactory he was told that after an inspection of the apartment to advise the agent if he wanted it. After supper appellant and his wife went to the apartment, arriving there about 6:30 p. m. He told his wife to remain on the sidewalk while he went around to the rear of the building and unlocked the rear door so that he could come through and let her in the front way. Appellant unlocked the back door, which leads into a kitchenette; he walked through this and entered the front hall;

it was dark and not knowing how close he was to the stairway he struck a match to find his way. As he did so an explosion took place, as a result of which he was terribly burned and disfigured. We will not detail the frightful and painful experiences through which appellant passed. The explosion was caused by the presence of gas. Appellant says when he entered the kitchenette he detected the odor of gas, but did not think anything about it. The electricity was turned off, and to see where he was walking he struck the match.

A member of the salvage corps and a representative of the gas company responded to the alarm of fire following the explosion and found the service pipe, in the kitchenette, from which the gas stove had been detached, was open and uncapped and gas was flowing into the room from this pipe. There was no stop-cock or means by which gas could be turned off in the apartment; this had to be done in the basement. It is the theory of appellant that the man who disconnected the stove failed to properly shut off the gas, but this man testified that before he disconnected the stove he lighted the gas to see if it was on and left it burning while he went to the basement, leaving instructions with his helper that when the light went out to knock on the pipe. He says he turned the gas off, heard a knock on the pipe, came upstairs, lighted some matches to see if it would burn and finding it would not he then disconnected it.

Appellant also introduced a tenant occupying the apartment immediately north of the one in which appellant was injured, who testified that on the afternoon of the explosion the gas in her room went out and she tried the gas in her kitchen and it would not burn, and finding there was someone in the basement she told the man he had turned off her gas; thereafter her gas began flowing again. From this testimony the argument is made that the witness Arnold, who disconnected the stove, either did not turn off the gas in the vacant apartment, or if he did someone later turned it on, as the gas was found flowing freely at the time of the fire. From the view we take of the case it matters not which if either of the two theories might be true, because in neither event would appellee be liable.

To entitle appellant to a recovery defendant must have been negligent. There can be no negligence in the

absence of an imposed duty. To constitute actionable negligence justifying a recovery, facts showing the existence of a duty to plaintiff by defendant must be shown as well as a violation of that duty on defendant's part resulting in damages to plaintiff.

It is essential that we first ascertain the status of appellant. He was not a trespasser to whom defendant was under no obligation as to the condition of the premises. He was only a prospective tenant, hence the rule applicable between a landlord and tenant did not apply. He was either a licensee or invitee. We shall not enter into a discussion as to the distinction between the two, a distinction oftentimes shadowy and indistinct.

The Supreme Court in Bennett v. L. & N. R. R. Co., 102 U. S. 584, quoting Campbell on Negligence, says the principle appears to be that invitation is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or benefit of the person using it.

Counsel for plaintiff insists his client was an invitee and we shall treat him as such.

The owner who expressly or by implication invites or induces others to come upon his premises, whether for business or other purposes, owes to them the duty of being reasonably sure he is not inviting them into danger, and must exercise ordinary care and prudence to render the premises reasonably safe. 29 Cyc. 453, 20 R. C. L., sec. 51; Cooley on Torts, p. 1259; Shearman & Redfield on Negligence, sec. 796; Thompson on Negligence, sec. 968; Southern Ry. Co. v. Goddard, 121 Ky. 567, 89 S. W. 675; Beard v. Klusmeier, 158 Ky. 153, 164 S. W. 319. But this is the extent of the duty and the owner or occupier is not an insurer as to the safe condition of the premises. Branham's Admr. v. Buckley, &c., 158 Ky. 848, 166 S. W. 618; Flynn v. Central R. R. Co., 142 N. Y. 444.

Another principle applicable here is that a defendant usually is not liable for negligence where no injurious consequences could reasonably have been contemplated as a result of the act or omission complained of, liability attaches only where the injuries might have been anticipated or foreseen. While a person is expected to anticipate and guard against all reasonable consequences he is not expected to anticipate or guard against those which no reasonable man would expect to occur. Gosney v. L. & N. R. R. Co., 169 Ky. 323, 183 S. W. 538;

29 Cyc. 493. As said in Snyder, &c. v. Arnold, &c., 122 Ky. 557, 92 S. W. 289:

"The weight of authority seems to be against holding a defendant liable for all the consequences of his wrongful acts when they are such as no human being even with the fullest knowledge of the circumstances would have considered likely to occur, and the rule is well settled that to fix liability upon a person for remote negligence the injury complained of must be one that under all the circumstances might have been reasonably foreseen or anticipated by a person of ordinary prudence to flow from or be the natural and probable consequence of the first negligent or wrongful act." (Citing many authorities.)

Measured by those rules we are convinced the lower court properly directed the jury to find for appellee. The question presented by the record was for the court and not the jury, because, admitting appellant's testomony to be true, as well as every inference fairly deducible therefrom, he failed to make out a case.

The negligent act giving rise to the explosion, was that of an intruder or of the man in charge of removing the contents from the house and who were in nowise under the control of or connected with appellee. The first news the landlord's agent had that the previous tenant had vacated the premises came through appellant. The landlord had no knowledge of the condition in which the men had left the apartment, nor did appellee in the short space of time, between 5 p. m. and 6:30 p. m., have an opportunity to discover it. There was no failure on his part to exercise ordinary care. The unfortunate accident was from a cause that could not have reasonably been in the contemplation of the parties or foreseen by them. We do not think any ordinarily prudent man, under the circumstances presented by this record, ought reasonably to have foreseen that such a result would follow the vacation of the premises. Imposing liability here would be equivalent to holding that it was the duty of a landlord to maintain almost a continuous inspection of his premises. It would be necessary for him to immediately examine them after each change of occupants, to follow up each person sent to make repairs to the property and to view same after the visit of each prospective tenant. The law imposes no such unreasonable duty. Instances might arise where the defendant

knows or has reasonable means of knowing that conse-
quences not usually resulting from the act are likely to
intervene so as to occasion damage, in which event lia-
bility might follow although the damage be not an ordi-
nary or natural consequence of the negligence, 29 Cyc.
493, but this is not the case here.

In Gosney v. L. & N. R. R. Co., *supra*, it was alleged
that plaintiff while walking on the track of the company,
at the invitation of its agent, struck his foot against a
spike protruding about two inches from a crosstie in de-
fendant's track, thereby causing him to fall and break
his arm. A demurrer to the petition was sustained, and
this ruling on appeal was affirmed. The company was
contemplating the purchase of some land from plaintiff
for the purpose of doubling its tracks and at the time
of the accident plaintiff and a representative of the com-
pany were walking along the track viewing the adjoin-
ing tract of ground which the company proposed to buy.
It was held that plaintiff's accident was such as could
not have reasonably been in the contemplation of the
parties, or foreseen by them at the time the spike was
driven into the tie, or while it remained there. Referring
to the company's duty to plaintiff as an invitee the court
says:

"The allegation that the plaintiff was invited upon
the right of way by Fossitt, the company's agent, does
not strengthen the case, for the reason, that although
the act of leaving the spike in the crosstie be treated as
constituting negligence, the company would not be liable
for this remote negligence. . . ."

See also L. & N. R. R. Co. v. Wright, 183 Ky. 634,
210 S. W. 184, 4 A. L. R. 478.

A case more directly in point and controlling on the
present appeal is that of Nunan v. Bennett, 184 Ky. 595,
212 S. W. 570. Nunan owned a three-story building in
the city of Winchester. There was a basement under-
neath the building. Bennett used the ground floor for
a millinery store; the second and third stories were
fitted up as living apartments and were occupied by other
tenants. Separate pipes from the basement furnished
each story with water. The cut-off in the main pipe was
located in that portion of the building rented by Bennett.
The lease provided that other tenants of the building
should have access to the basement for the purpose of
cutting off water to their apartments when it was neces-

sary for any purpose so to do. On the evening of February 3, 1917, because of the cold weather appellant had his servant turn off the water. The tenant on the second floor returned to his apartment about 10 p. m. Finding the water off he left some of the faucets open. The following morning, under instruction from appellant, the servant turned on the water, and through the open pipes on the second floor the water overflowed the basin, leaked through the floor and ceiling and damaged the property of appellee, for which she recovered a judgment in the sum of $2,250.00. The court reversed this judgment and held that the lower court should have sustained appellant's motion for a peremptory instruction. In the concluding part of the opinion the court says:

"Applying this definition together with the qualifications referred to we find that the act of defendant in both turning off and turning on the water upon the occasion complained of could not and as a matter of fact did not produce the injury complained of except for the independent, wrongful and negligent act of the tenant, Agee, in leaving the faucets in his apartment above plaintiff in such condition as to permit the overflow of plaintiff's premises and the consequent damage to her goods."

We deem further comment unnecessary. Leonard was not injured through any actionable negligence on the part of appellee. This being true the lower court properly sustained the latter's motion for a directed verdict.

Judgment affirmed.