## Treadway's Administrator v. Louisville & Nashville Railroad Company.

(Decided November 12, 1926.)

### Appeal from Estill Circuit Court.

Master and Servant—Railroad Held Not Liable for Death of Call Boy Caught Between Cars While Going Home, Railroad Being Under no Duty to Him at Time (Federal Employers' Liability Act [U. S. Comp. Stats., Sections 8657-8665]; Kentucky Statutes, Sections 820b-1-820b-3).—Where plaintiff's intestate, while technically on duty as call boy, obtained permission to go home to supper, and, while taking short cut across railroad yard, was killed between cars, direction of verdict for railroad held proper, railroad company at time and place of injury owing call boy no duty, not having discovered his peril, nor could recovery be had under federal Employers' Liability Act (U. S. Comp. Stats., sections 8657-8665), or Kentucky Statutes, sections 820b-1-820b-3.

J. MOTT McDANIEL for appellant.

R. R. FRIEND, HUNT, NORTHCUTT & BUSH, C. S. LANDRUM, ASHBY M. WARREN and WOODWARD, WARFIELD & HOBSON for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Appellant's intestate, then 17 years of age, was in June, 1924, while attempting to pass between two freight cars standing on one of appellee's tracks in its yards at Ravenna, caught between the bumpers of the two cars and killed, and his personal representative instituted this action for damages, alleging that his intestate's death

was caused by the negligence of the defendant and its agents and servants.

On a trial, and at the conclusion of all of the evidence, the court below directed a verdict for the defendant, which verdict was returned and judgment thereon entered, and this appeal involves only the correctness of that ruling.

There was in the original petition only a general charge of negligence, but in amendments the plaintiff charges that while decedent was employed by defendant as a call boy, and in the course of his employment, the defendant negligently caused to be run against decedent, in its yards at Ravenna, a number of cars which brought about his injury and death. He also alleges that at the time of the injury, and for a long time prior, the tracks and yards of defendant at Ravenna were habitually used by a large number of defendant's servants and employees with its knowledge and acquiescence in going to and from their homes, and that defendant in the exercise of ordinary care in the movement of its cars in said yards should have anticipated the presence of its employees and servants on the tracks. It is then alleged that at the time decedent was killed the defendant negligently failed to give any warning or signal of the approach of the cars which caused his death, and negligently failed to have said cars under reasonable control, and negligently failed to have any person thereon in a suitable position to warn decedent of the approach of said cars, and negligently permitted its cars to be so placed or run into the side track as to cause them to run and roll against decedent, causing his death.

These allegations were all put in issue, and defendant in addition relied upon a plea of contributory negligence.

Decedent and Herschel Bailey were each call boys, and their hours of service were from 3:30 in the afternoon until 11:30 at night. Their duties were to notify trainmen in and around Ravenna of the times their trains were to be made up or leave, and to do incidentally such other things as messenger boys are called upon to do. The two boys each lived at the home of decedent, and they went to and from their work frequently together, as well as to and from their supper. On the afternoon in question the two, after obtaining permission to go to their supper about 5:40 p. m., started across the railroad yards on the

most direct and shortest route. In doing so they went directly across the railroad yards, which involved the crossing of fourteen tracks before reaching the steps they used in going to their home. They crossed the first eleven tracks without incident, but when they reached track twelve they found a number of cars standing thereon. The cars on track twelve were coupled together and the two boys climbed over and across the coupling between two of those cars. Decedent went first and when he landed in the space between track twelve and track thirteen Bailey had not yet stepped down from the side of one of the cars through which they had climbed on track twelve, and before he had so stepped down decedent undertook to go through a narrow space between two of the cars on track thirteen, which space between the couplings of the two cars was just wide enough for a man to go through, and as decedent undertook to pass through this narrow space between the two cars on track thirteen two loaded cars which had shortly theretofore been switched on to that track caused the standing cars to move and caught him between the two couplings, from which he shortly thereafter died. Bailey was the only eye-witness to the occurrence, and what we have stated is the substance of his testimony about how it occurred and what led up to the occurrence. The evidence also discloses that at the point of the injury there was a curve on track thirteen, and that a short time before a switch engine had shunted into track thirteen from the main or lead track the two loaded cars, and that there were no signals of their approach, and no one on them to control their operation or movement.

The initial inquiry is whether at the time and place of the accident defendant owed any duty to decedent, for, unless it owed him some duty and there was a failure to perform that duty which resulted in his injury and death, then, as to him, there was no negligence and can be no recovery. West Ky. Coal Co. v. Smithers, 188 Ky. 224; Nelson Creek Coal Co. v. Bransford, 189 Ky. 743; Watson's Admr. v. C. & O. R. R. Co., 170 Ky. 254; Pearsall's Admr. v. C. & O. R. R. Co., 180 Ky. 659; Walker v. Louisville Railway Co., 182 Ky. 299; Leonard v. Enterprise Realty Co., 187 Ky. 578.

There is no claim that the route selected by the two boys across the yards was by express invitation from the defendant, and obviously the fact that the two cars on

track thirteen were only a few inches apart so as to offer an opening through which an ordinary man might pass, did not by implication extend an invitation to go between them. The space between the cars was so narrow and the danger of going between them so obvious that no intelligent person could have assumed such an invitation was thereby offered. Age's Admr. v. L. & N. R. R. Co.,148 Ky. 218; Brackett's Admr. v. L. & N. R. R. Co., 33 R. 921; L. & N. R. R. Co. v. Hocker, 111 Ky 707; Southern Railway Co. v. Thomas, 29 R. 79.

The evidence also shows without contradiction that there was a safer but somewhat longer route which the two boys could have taken and avoided climbing over and going between the standing cars on tracks twelve and thirteen, but that they for their own purposes, while going to their supper, without invitation, express or implied, adopted the shorter but more dangerous route through defendant's yards.

The evidence is uncontradicted that while decedent was technically on duty at the time of the injury, in truth and in fact he was then going to his home with his companion to get supper, and that in adopting this route and in climbing through and getting in between the cars on tracks twelve and thirteen they were engaged, not in any occupation directly connected with their employment by defendant, but in going the shortest and to them the easiest route to their home. They had received permission at the office before leaving to go to their supper, and in so doing, while it was within the hours they were supposed to be on duty, they were serving a purpose of their own and not engaged in the service of the defendant.

So that we find them during their hours of service, but when they had gotten a temporary leave of absence for a purpose of their own, adopting and proceeding along a dangerous route through the yards of the company which involved their climbing between standing cars on side tracks and going between a narrow space between other standing cars, rather than go a short distance further and along a safer and better route. It seems conclusive, therefore, that at the time of the injury the two boys were not in any sense either engaged in commerce or serving any purpose within their employment, and if this action, therefore, is prosecuted under the provisions either of the federal or state Employers' Liability Stat-

utes, there can be no recovery, for in the case of Idol v. L. & N. R. R. Co., 203 Ky. 81, it is expressly held there can be a recovery by an injured employee only when he is injured at a time when both he and his employer are engaged in commerce. If at the time of the injury decedent had been sent into the yards in the performance of some duty for his employer, or on some mission which required him in the discharge of his duty to go through the yards, then under a certain line of cases in this state a duty would have been owed him. But when he for his own purposes and in the discharge of no duty which he owed to his employer, voluntarily goes across the railroad yards on a route which he knows or should know is dangerous, no matter how general the use of the yards by the employees of the company is, the company is not required to anticipate his presence at a place where the discharge of his duties did not require him to be, and at a time when he was discharging no such duty.

The fact that employees of a railroad yard sometimes go through the yards upon routes that are not authorized by the company will not justify an employee even in a common law action to use for his own purposes and in pursuit of his own business a dangerous route because it happens to be shorter or a little more convenient than a safer one provided.

There is no claim that any employee of defendant saw decedent while he was between the two cars, or as he went in between them; and as his danger was, therefore, unknown to defendant, it owed him no duty whatsoever, and owing him no duty there was as to him no negligence.

In L. & N. R. R. Co. v. Hocker, 111 Ky. 707, an employee of the company having occasion to go into the railroad yards for purposes of his own stepped in between two box cars, and while he was there the cars were moved without notice to him and he was seriously injured. In denying him a recovery the court said:

"The law is well settled, both in this state and elsewhere, that a railroad company is not under obligation in moving its engines and cars in its yards to take special precautions or give special warnings to avoid injuring any unauthorized person, who may, for his own convenience, go therein until the presence of such person in a situation of danger has been discovered."

That ruling has been followed and approved in several other cases.

Our conclusion in this case is, that at the time and place of the injury the company owed the defendant no duty, not having discovered his peril, and that, therefore, there can be no recovery.

Judgment affirmed