## EATON v. LOUISVILLE & N. R. CO. et al.

Court of Appeals of Kentucky.

March 13, 1953.

Modified on Denial of Rehearing

June 5, 1953.

S. J. Stallings, Louisville, for appellant.

James P. Helm, Jr., J. P. Hamilton and J. M. Terry, Louisville, for L. & N. R. Co.

Thomas J. Wood, Louisville, for Railway Express Agency.

DUNCAN, Justice.

This action was filed by appellant against L. & N. Railroad Company, the Railway Express Agency, the Pullman Company, and the Pennsylvania Railway Company to recover damages for personal injuries. The lower court sustained the demurrer of the Pennsylvania Railway Company and dismissed the action as against it and the Pullman Company. No complaint is made as to the ruling of the court concerning these two defendants. The action proceeded to trial against L. & N. Railroad Company and Railway Express Agency, and at the conclusion of appellant's evidence, a verdict was directed for the remaining two defendants. The only question on the appeal is whether or not there was evidence to justify submission to the jury.

Appellant was an employee of the Pullman Company, engaged in servicing and repairing pullman cars which were furnished by his employer to various railroad companies. At the time of his injury, he was performing his regular duties at the L. & N. station in Louisville, Kentucky, where the Pullman Company maintained and repaired a number of its cars. At this station, there are a number of tracks running south from the bumping blocks, which are used for the purpose of making up trains, repairing cars, and switching cars from one track to another to permit the orderly departure of trains. These tracks were darkened by a roof which shielded them from the sunlight.

On May 31, 1950, appellant reported for work about 3:00 p. m., and was instructed to charge the batteries on a pullman car being made up for the Pennsylvania Railway Company. The car in question was the second one from the bumping block in a group of six cars located on track 5. In order to charge the batteries, it was necessary to hook an electric cable to carry electricity from a receptacle located on the west side of track 4 to another receptacle on the east side of the pullman car. The cable was between an inch and an inch and a half in diameter, about thirty feet long, and extended some ten feet across the walkway between tracks 4 and 5.

After connecting the cable, appellant boarded the car on the east side at the south end. He checked the air conditioning control box, the circuit breakers, and light switches, and proceeded down the hallway, turning out the lights of the individual compartments. After reaching the north end of the car where there was no exit, appellant became aware that the car was being moved. He then ran to the south end, went upon the steps and leaned out to signal the switchman to stop the train. When appellant leaned out, his head was struck by a hand truck belonging to the Railway Express Agency, which was parked on the platform east of track 5 about six inches from the pullman car. It is admitted that the car was being moved by an L. & N. switching crew for the purpose of placing it on track 4.

 It is apparent from a review of the evidence that appellant failed to establish negligence on the part of Railway Express Agency. The evidence does not disclose that this defendant either placed the hand truck or had any knowledge of its location at the place of appellant's injury. The court properly directed a verdict for Railway Express.

The L. & N. maintains that the peremptory instruction in its favor was also correct because: (1) it was not negligent; (2) even if negligent, such negligence was not the proximate cause of appellant's injury; and (3) appellant was guilty of contributory negligence as a matter of law.

Negligence consists of the failure to observe a duty owed to another. Gatliff Coal Co. v. Broyles' Adm'x, 297 Ky. 516, 180 S.W.2d 406. If the L. & N. knew, or by the exercise of ordinary care should have known, that appellant was in the car servicing it by the use of the cable, we think it was under the duty not to move the car without giving appellant some warning of its intention. Aside from the ownership of the cable and any duty appellant may have had to protect it while in his custody, it might reasonably have been anticipated that any unexpected movement of the car would result in an effort on his part to stop the train. In addition to his normal concern in preserving the cable, its dangling or swinging from the moving car created a dangerous condition which appellant would naturally attempt to avert by stopping the movement of the car.

 We think the facts shown here were such as to create an issue for the jury as to whether or not L. & N. knew, or by the exercise of ordinary care should have known, that appellant was in the car with the cable at the time of its movement. It knew that the employees of the Pullman Company were ordinarily required to work inside the cars. The size and length of the cable were such as to permit an inference that it should have been observed by the exercise of ordinary care, and its presence was sufficient to suggest that an employee of the Pullman Company was in the car.

A more difficult question is whether or not the negligence of L. & N., if any, may be considered the proximate cause of appellant's injury. Under the rule in this State concerning determination of proximate cause, the injury must be the natural and probable consequence of the negligence and of such character as an ordinarily prudent person should have foreseen. However, it is not necessary that the precise form of the injury should have been anticipated. Dixon v. Kentucky Utilities Co., 295 Ky. 32, 174 S.W.2d 19, 155 A.L.R. 150. It is highly unlikely that anyone could have foreseen that appellant would be injured by striking the hand truck, but it might have been reasonably foreseen that appellant's effort to stop the movement of the car would result in some injury. We think there was sufficient evidence of negligence and proximate cause to create an issue which should have been submitted to the jury as against L. & N.

 Finally, we consider the question of whether or not appellant was guilty of contributory negligence as a matter of law. By moving the car, L. & N. created an emergency, and the subsequent actions of appellant must be viewed in the light of the circumstances under which he was acting. An emergency as related to the law of negligence is an event or combination of circumstances which calls for immediate action. Suter's Adm'r v. Kentucky Power & Light Co., 256 Ky. 356, 76 S.W.2d 29. Though

appellant may have acted imprudently or futilely under the circumstances, that fact would not necessarily amount to contributory negligence as a matter of law. The mere failure to exercise the best judgment or pursue the best course in an emergency is not negligence. Louisville Ry. Co. v. Logan, 306 Ky. 35, 206 S.W.2d 80.

The judgment is affirmed as against Railway Express Agency and is reversed for proceedings consistent with this opinion as against Louisville & Nashville Railroad Company.