**Frank WILLIAMS, Appellant,**

**v.**

**Raymond EHMAN, James B. Walters and Ralph Veals, Appellees.**

Court of Appeals of Kentucky.

Oct. 15, 1965.

James Levin, Ben Hanish, Louisville, for appellant.

Robert C. Hobson, John P. Sandidge, Arthur H. Wilding, Jones, Ewen & Mackenzie, Louisville, for appellees.

OSCAR SAMMONS, Special Commissioner.

This action comes as a result of an automobile accident that occurred on Shepherdsville Road in Jefferson County, Kentucky, about 1:15 a. m., May 2, 1962. Shepherdsville Road is a two-lane highway that runs north and south. The appellee, Veals, traveling north, in order to avoid an oncoming car ran off the road on his right. His car came to rest against a telephone pole about three to five feet off the pavement a short distance south of the crest of a hill. As a result of this accident Veals was knocked unconscious, received a broken right arm, and various cuts and bruises. As appellee Walters drove by going south, Veals was standing by his wrecked car waving and calling for help. Walters reduced his speed from about forty-five to twenty-five miles per hour, preparatory to stopping to render assistance to Veals. Appellee Ehman, also traveling south behind Walters, ran his car into the rear of the Walters automobile. Appellant, Frank Williams, a passenger in the Ehman car, was seriously injured.

Williams filed this action against Walters, Ehman, and Veals. Appellee Walters answered alleging that appellant's injuries resulted solely from the negligence of appellee Ehman. Appellee Ehman answered alleging that appellant's injuries resulted solely from the negligence of Walters. The appellee, Veals, answered alleging that appellant's injuries were caused entirely by the action of Walters and Ehman. The depositions of all the parties were taken and are part of this record. The judge entered a summary judgment dismissing the complaint as against the appellee, Veals. From the summary judgment this appeal is taken.

Appellant raises two questions on this appeal. They are:

"(1) Did the actions of appellee, Veals, present a question of negligence that should have been submitted to a jury?

"(2) If the acts of the appellee, Veals, were negligent, was the injury to appellant so related to such negligence as to justify submitting to the jury the question of whether such acts were

the proximate or contributing cause of the injury?"

The fact that Veals ran off the road on the east side and hit a telephone pole, in itself did not contribute to or cause the accident in which appellant, Williams, was injured. There remains, however, the matter argued by appellant as to whether the action of Veals in standing off the edge of the road by his damaged automobile in his injured condition, a short distance below the crest of a hill, in the nighttime, waving his arms and calling for help as a car passed constituted negligence.

The problem of what constitutes actionable negligence is clearly stated in Warfield Natural Gas Co. v. Allen, (1933) 248 Ky. 646, 59 S.W.2d 534, 91 A.L.R. 890: "Actionable negligence consists of a duty, a violation thereof, and consequent injury. The absence of any one of the three elements is fatal to the claim." See also Chesapeake and Ohio Ry. Co. v. Carmichael, (1944) 298 Ky. 769, 184 S.W.2d 91; Louisville & N. R. Co. v. Vaughn, (1942) 292 Ky. 120, 166 S.W.2d 43; Eaton v. Louisville & N. R. Co., et al., (1953) Ky., 259 S.W.2d 29; Leonard v. Enterprise Realty Co., (1920) 187 Ky. 578, 219 S.W. 1066, 10 A.L.R. 238. In the case at bar, Veals was standing beside a heavily traveled highway in the nighttime just below the crest of a hill in an injured and dazed condition. We cannot say that he had a duty to not stand there; nor can we say that he was under a duty to refrain from attempting to obtain assistance by waving his arms and calling out for help.

The argument of appellee that Veals was in an emergency situation is well taken. Veals was injured and knocked unconscious. He had just recovered consciousness and in a dazed condition realized that he needed help. One acting in a sudden crisis is not required to exercise that deliberate judgment which time for reflection affords. See Louisville Ry. Co. v. Logan, (1947) 306 Ky. 35, 206 S.W.2d 80; Louisville & N. R. Co. v. Henry's Adm'r, 252 Ky. 278, 66 S.W.2d 818 (1933).

It is also the opinion of the Court that the acts of one who is injured and standing by the side of a highway waving his arms and calling out to a passing motorist for help, whereby the motorist slows down and is struck in the rear by a trailing motorist with resulting injury to a passenger in the trailing car are so remote from the injury that it cannot be considered a reasonable consequence of the acts. In Hines v. Westerfield, (1953) Ky., 254 S.W.2d 728, this Court said: "If, however, the ultimate injury is brought about by an intervening act or force so unusual as not to have been reasonably foreseeable, the intervening act is considered as the superseding cause and the actor is not liable." See also Milliken v. Union Light, Heat and Power Co., (1960) Ky., 341 S.W.2d 261, and cases cited therein. The many authorities cited by appellant are not applicable to this case in that they do not deal with the factual situation herein involved.

Although we have already held that the acts of appellee Veals did not constitute actionable negligence, appellant's argument that proximate cause, foreseeability and intervening acts should be submitted to a jury deserves comment.

In the case at bar, there is no contention that any other witness is available. There is no contention that the evidence to be submitted to a jury would differ from the evidence presented by the depositions. We agree with appellant's argument that summary judgment is not a substitute for the trial of an action on its merits, and we agree with the authorities cited by appellant on this point of law. However, in the present case, there is no genuine disagreement as to any material fact. There is no genuine issue of fact as to any negligence on the part of Veals. A summary judgment may be invoked in any case where the record shows that there is no real issue as to any material fact with respect to a particular claim. See Continental Casualty Company, Inc. v. Belknap Hardware & Manufacturing Co., (1955) Ky., 281 S.W.2d 914, and cases cited therein. Upon this basis the trial court

properly granted the motion for summary judgment, and we recommend that the judgment be affirmed.

This opinion is approved, and the judgment is affirmed.