**ILLINOIS CENTRAL RAILROAD,**
Appellant,

v.

**Elro VINCENT, Appellee.**

Court of Appeals of Kentucky.

March 17, 1967.

Lively M. Wilson, Stites, Peabody & Helm, Louisville, for appellant.

Benn Hanish, Hanish & Hanish, Louisville, for appellee.

OSBORNE, Judge.

The appellee, Elro Vincent, brought this action against the Illinois Central Railroad company and Benny Jackson for the recovery of damages arising out of an automobile collision. The trial court directed a verdict against Jackson and submitted the question of the negligence of the Railroad

to the jury, which awarded appellee $13,-429.30 against Jackson and $6,714.65 against the Railroad. Jackson has satisfied the judgment against him; the Railroad appeals.

On January 21, 1964, appellee was driving south on Cane Run Road in Jefferson County approaching a spur track of the Illinois Central Railroad at approximately four o'clock in the afternoon. The road was dry and the weather clear.

The company was operating a railroad motor-car on the spur track. This car is a small four-wheel vehicle propelled by a gasoline engine and is used to transport work crews to and from a job site. It has been designed so that it will not operate the signals that are placed at crossings to warn motorists of oncoming trains. As the appellee approached from the north, he observed the railroad motor-car traveling east toward the intersection. Appellee testified:

"Q. Now, can you tell us generally the character of the area as far as where that track intersects?"

"A. Well, there is a little rise about two hundred feet before you get to the railroad crossing. But it was in January and there wasn't no leaves to amount to anything. The stop was there, but you could see through it. I could see the motor-car, the signal light was not working and the flagman was by the side of the motor-car. He was not out there flagging traffic."

"Q. Now, Mr. Vincent, as you approached the intersection of these railroad tracks as shown on the photograph, what rate of speed were you operating the vehicle?"

"A. From thirty to thirty-five miles an hour."

"Q. Now as you approached this track, about where were you when you first observed a vehicle on the railroad track itself?"

"A. I would say from fifty to sixty feet."

"Q. And about how far west of the highway was this vehicle and what kind of vehicle was it, if you please?"

"A. It was a motor-car and it was about twenty to thirty feet from the intersection."

"Q. And what did you do upon seeing that motor car?"

"A. I began to stop."

"Q. Now, did you bring your car to a gradual stop or did you suddenly stop?"

"A. It was a gradual stop."

After the appellee stopped, his automobile was struck in the rear by an automobile driven by Benny Jackson. The impact knocked his car across the tracks. There was no collision between the Railroad motor-car and the appellee's car. In addition to the damage to his automobile, appellee suffered a neck injury.

Jackson in his testimony stated that he was following the Vincent car at a distance of approximately two car lengths. As he approached the crossing he decided to light a cigarette and attempted to reach into his pocket to get it. When he looked up from his futile attempt, he saw the brake lights of Vincent's car and immediately applied his brakes. However, he was too late and he struck the car knocking it across the tracks. William Burba testified that he saw Jackson apparently attempting to get a cigarette before he struck appellee's car.

■ The Railroad contends that it was not guilty of any negligence that contributed to the cause of the accident. Three elements are necessary to support a negligence action. They have been stated in numerous opinions of this court, the last being Wil-

liams v. Ehman, Ky., 394 S.W.2d 905. There it was said: "The problem of what constitutes actionable negligence is clearly stated in Warfield Natural Gas Co. v. Allen, (1933) 248 Ky. 646, 59 S.W.2d 534, 91 A.L.R. 890: 'Actionable negligence consists of a duty, a violation thereof, and consequent injury. The absence of any one of the three elements is fatal to the claim.' See also Chesapeake and Ohio Ry. Co. v. Carmichael, (1944) 298 Ky. 769, 184 S.W. 2d 91; Louisville & N. R. Co., v. Vaughn, (1942) 292 Ky. 120, 166 S.W.2d 43; Eaton v. Louisville & N. R. Co., et al., (1953) Ky., 259 S.W.2d 29; Leonard v. Enterprise Realty Co., (1920) 187 Ky. 578, 219 S.W. 1066, 10 A.L.R. 238."

█ The common law duties of a railroad in the operation of its trains are to give an adequate warning of the approach of a train, keep a look-out ahead, and operate the train at a speed commensurate with the danger. Illinois Central Railroad Company v. Arms, Ky., 361 S.W.2d 506, citing Piersall's Adm's v. Chesapeake and Ohio Railroad Co., 180 Ky. 659, 203 S.W. 551. Since look-out and speed of the motor-car played absolutely no part in the cause of the collision between appellee's and Jackson's vehicles, the only possible basis of the railroad's liability is inadequate warning and this was the issue submitted to the jury.

Appellee testified that he saw the track car traveling at a walking speed with the flagman alongside. He saw it in time to come to a complete but gradual stop from a speed of thirty to thirty-five miles per hour. Therefore, if the warning was inadequate (which we do not believe) it could not possibly have been the cause of this collision.

█ A superseding cause relieves the original negligent actor from liability irrespective of whether the antecedent negligence was or was not a substantial factor in bringing about the injury. Hines v. Westerfield, Ky., 254 S.W.2d 728. A superseding cause is an independent intervening cause. We are of the opinion that the failure of Jackson to maintain a proper look-out while he was searching for a cigarette was the sole cause of appellee's injuries. Riley v. Burgess, Ky., 410 S.W.2d 712, rendered January 20, 1967.

The trial court allowed the safety and work rules of the railroad to be admitted into evidence. We agree that they should have been admitted. Rule 61 provided:

"61. Highway Traffic at Grade Crossings Must Be Given Preference. When approaching such crossings at grade or workmen on or near track, track car must be under complete control and stopped when necessary, and the employee in charge must know that the highway traveler or workmen will not be endangered before proceeding."

█ It is our opinion that these rules do not set the standard of care that was given to the jury in the instructions. They are however admissible. Current v. Columbia Gas of Kentucky, Ky., 383 S.W.2d 139; Chesapeake and Ohio Railway Co. v. Biliter, Ky., —— S.W.2d —— rendered February 3, 1967. The foregoing grounds being sufficient for reversal, we will not discuss the other errors alleged by appellant.

The trial court should have sustained the motion for a directed verdict and having failed in this should have sustained the motion for judgment n. o. v.

The judgment is reversed.

All concur.