RENDERED: JUNE 23, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1198-MR

ARIEL AZCUY HERNANDEZ
THROUGH HIS GUARDIAN
YOHANKA RODRIGUEZ MESA;
YENIFER AZCUY RODRIGUEZ,
MINOR CHILD THROUGH HER
GUARDIAN AND MOTHER
YOHANKA RODRIGUEZ MESA;
AND YOHANKA RODRIGUEZ
MESA                                                                APPELLANTS


                        APPEAL FROM JEFFERSON CIRCUIT COURT
v.                      HONORABLE BRIAN C. EDWARDS, JUDGE
                        ACTION NO. 19-CI-007163


WALMART STORES EAST, L.P.                                            APPELLEE


                                OPINION
                                AFFIRMING

                            ** ** ** ** **

BEFORE: CALDWELL, COMBS, AND KAREM, JUDGES.

COMBS, JUDGE: This is a premises liability action. Appellants: Ariel Azcuy

Hernandez, through his guardian, Yohanka Rodriguez Mesa; Yohanka Rodriguez

Mesa, individually; and Yenifer Azcuy Rodriguez, a minor, through her guardian, Yohanka Rodriguez Mesa, challenge the summary judgment of the Jefferson Circuit Court entered in favor of Walmart Stores East, L.P. After our review, we affirm.

Ariel Azcuy Hernandez and Leony Alvarez-Carrion worked together at Dr. Pepper Bottling in Louisville. They had a dispute at work a few months before the incident that is the subject of this case.

On the afternoon of March 10, 2019, Hernandez and his wife, Yohanka Rodriguez Mesa, were shopping at the Walmart store at Bashford Manor in Louisville. Alvarez-Carrion and his wife, Yaima Soldado Correa, were also shopping there. A dispute arose between Hernandez and Alvarez-Carrion in the grocery section of the store with the men giving each other dirty looks. Later, as the couples were in the self-checkout aisle, Alvarez-Carrion approached Hernandez and gestured for him to come outside. Mesa became worried because she knew that the two men had been at odds at work, and so she followed the men into the parking lot.

Surveillance video shows the men exiting the store in an orderly manner, walking at a distance from each other, without drawing attention to themselves. However, once in the parking lot, they began gesturing with their

hands and arguing loudly in Spanish. Other patrons approached, and someone called police.

Juan Martinez, who was working on the security team checking receipts inside the store, was alerted that two men were arguing outside. Martinez walked to the parking lot and confirmed the report. He radioed Jonathan Harris, Walmart's security officer, and advised that two men were arguing outside. Harris warned Martinez to keep his distance. Harris began making his way outside, radioing Martinez for the location of the men. Martinez did not see a weapon and did not call police.

Mesa and Correa tried unsuccessfully to intervene. Other store patrons yelled for the men to stop arguing, telling them that police had been summoned and were on their way. Hernandez went to his car and retrieved a knife. He brandished it and began making slashing motions at Alvarez-Carrion, who was unarmed. The two men separated, and each walked to his car. Mesa believed that the encounter was over. Martinez also thought it was over and began walking back to his post inside when he heard a woman's scream. He returned to the scene, where he saw Hernandez lying on the ground. Surveillance video showed that when Alvarez-Carrion had returned to his car, he retrieved a knife and ran back to Hernandez's car and stabbed Hernandez in the back of the head.

Hernandez suffered life-changing injuries. Harris arrived at the scene after Hernandez had been stabbed.

The time frame surrounding the whole incident was condensed and rapid. Approximately five minutes elapsed between the time that the men left the store and Hernandez's stabbing; approximately two and one-half minutes elapsed between the beginning of the physical altercation and the stabbing of Hernandez. Police arrived three minutes later.

On November 14, 2019, Hernandez, Yohanka, and Yenifer (hereinafter referred to collectively as Hernandez) filed a civil action in Jefferson Circuit Court against Alvarez-Carrion and Walmart. (Only the cause of action asserted against Walmart is relevant to this appeal.) Hernandez alleged that Walmart negligently failed to keep its premises safe for patrons and that he had been injured as a result of that alleged negligence. Walmart answered and denied the allegation.

On March 15, 2022, following a period of extensive discovery, Walmart filed a motion for summary judgment. Hernandez responded, arguing that material issues of material fact precluded entry of judgment as a matter of law. Walmart filed its reply.

In its Order entered on July 13, 2022, the Jefferson Circuit Court granted Walmart's motion for summary judgment. Observing that business owners

are not absolute insurers of their patrons' safety, the court concluded that, given the undisputed facts and circumstances, Walmart could not have foreseen the assault upon Hernandez, nor could it have prevented it. By Order entered on September 28, 2022, the Jefferson Circuit Court made the summary judgment final and appealable in accordance with the provisions of our rules of civil procedure. Hernandez filed this timely appeal.

In his brief on appeal, Hernandez argued that the trial court erred by concluding that Walmart was entitled to judgment as a matter of law. However, he concedes in his reply brief that his legal argument on appeal cannot survive the decision of the Supreme Court of Kentucky in *Walmart, Inc. v. Reeves*, No. 2021-SC-0288-DG, ___ S.W.3d ___, 2023 WL 2033691 (Feb. 16, 2023), rendered on February 16, 2023, just days before his initial brief was filed. Nevertheless, he argues that the law applicable to third-party violence cases "does not doom [his] case, because the facts here -- and the extent to which they differ from those [in *Reeves* and *Culp v. SI Select Basketball*, 663 S.W.3d 451 (Ky. App. 2023)] -- create a jury issue as to whether, armed with the knowledge that it had, Walmart was negligent here." We disagree.

Summary judgment is properly granted where:

the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law.

CR[1] 56.03. Because summary judgment involves only questions of law and not the resolution of disputed material facts, we do not defer to the trial court's decision. *Goldsmith v. Allied Building Components, Inc.*, 833 S.W.2d 378 (Ky. 1992). Instead, we review the decision *de novo. Cumberland Valley Contrs., Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644 (Ky. 2007).

Before the trial court, "[t]he moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment" to present some affirmative evidence establishing an issue for trial. *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001). That is, "[t]he party opposing a properly presented summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing the existence of a genuine issue of material fact for trial." *City of Florence, Kentucky v. Chipman*, 38 S.W.3d 387, 390 (Ky. 2001).

Negligence claims require proof that the defendant owed the plaintiff a duty, that the defendant breached that duty, and that the plaintiff suffered injury proximately caused by the breach of the duty. *Walmart, Inc. v. Reeves*, 2023 WL 2033691, at *2 (citing *Illinois Cent. R.R. v. Vincent*, 412 S.W.2d 874 (Ky. 1967)).

---

[1] Kentucky Rules of Civil Procedure.

In premises liability cases, the premises owner has a duty to protect patrons from third-party criminal acts **only** where it "knows of activities or conduct of other patrons or third persons which would lead a reasonably prudent person to believe or anticipate that injury to a patron might be caused . . . ." *Id.* (citing *Napper v. Kenwood Drive-In Theatre Co.*, 310 S.W.2d 270, 271 (Ky. 1958)). Thus, the *Napper* rule as cited and reinforced by *Reeves*, requires that the harm be foreseeable and that the premises owner be reasonably able to safeguard against it. This rule for third-party acts is consistent with the rule set forth in the RESTATEMENT (SECOND) OF TORTS § 344 (1965), which provides as follows:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to
>
> (a) discover that such acts are being done or are likely to be done, or
>
> (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

*Id.* Comment (f) to the rule elaborates as follows: "[s]ince the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur." *Id.*

*Id.* In other words, the foreseeability of the injury is a critical factor that defines the scope and the character of a defendant's duty. *Isaacs v. Smith*, 5 S.W.3d 500, 502 (Ky. 1999). A premises owner is generally entitled to assume that third parties will not commit intentional criminal acts on its premises. *See* RESTATEMENT (SECOND) OF TORTS § 302B, cmt. (d).

Hernandez argues that the altercation causing his injury was not wholly unforeseeable to Walmart and that, upon this basis, a jury could conclude that it breached its duty of care by failing to prevent the stabbing. Hernandez contends that Walmart failed to make reasonable choices once the danger to him was apparent and argues that Walmart's decision to "turn a blind eye" to his peril is actionable. We do not believe that this is an accurate characterization of the facts and circumstances as related above. There was **nothing** about the facts and circumstances of March 10, 2019, that would have alerted a reasonably prudent premises owner to anticipate Hernandez's stabbing and to be able to take action to prevent it.

It is undisputed that Hernandez and Alvarez-Carrion had had some conflict at their workplace. However, Walmart's associates did not know the men and were unaware of any pre-existing dispute between them. The interaction at Walmart between the men consisted of meeting in the self-checkout aisle, exiting the store through its vestibule, and initially entering the parking lot. Nothing in

this short sequence of events could have warned anyone around them that the scene was about to turn violent.  In fact, neither man was armed, and there was only an exchange of angry words -- but no threats of bodily harm.  Mesa indicated in her deposition testimony that at this point she "never thought it was going to be more than just an argument."

When Hernandez retrieved a knife from his vehicle, the men knew that the police were en route.  Less than two minutes elapsed before the men parted and went their separate ways.  Alvarez-Carrion called for his wife to leave with him.  Walmart's associates were in the parking lot and reasonably believed that the conflict had ended.  Less than a minute later, Alvarez-Carrion was observed crossing the parking lot toward Hernandez's vehicle.  Within seconds, he reached Hernandez's vehicle and stabbed Hernandez.

The assault was not reasonably foreseeable; Walmart could not have prevented it.  Since the third-party criminal acts were not reasonably foreseeable, the trial court did not err in granting WalMart's motion for summary judgment. *Reeves*, *supra*.

We affirm the judgment of the Jefferson Circuit Court.


ALL CONCUR.

BRIEFS FOR APPELLANTS:

William M. Butler, Jr.
David Lackford
Louisville, Kentucky

BRIEF FOR APPELLEE:

Jennifer Kincaid Adams
Thomas E. Stevens
Louisville, Kentucky